# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **B.T.**

**No. 22-0179** (Preston County 20-JA-87)

## MEMORANDUM DECISION

Petitioner Mother L.H., by counsel Jennifer Yost, appeals the Circuit Court of Preston County's September 21, 2021, order terminating her parental and custodial rights to B.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Kristen D. Antolini, also filed a response on the child's behalf in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2020, the DHHR filed a petition alleging that petitioner abused controlled substances, which negatively affected her ability to parent then-three-year-old B.T., and engaged in domestic violence with her boyfriend in the presence of the child. In January of 2021, the circuit court accepted petitioner's stipulations to the allegations in the petition and adjudicated her as an abusing parent and the child as an abused and neglected child. Petitioner moved for a post-adjudicatory improvement period, which the court granted in February of 2021. In April of 2021, the circuit court ordered that the improvement period continue and after reviewing petitioner's parental fitness evaluation, which indicated that petitioner tested in the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

"Lower Extreme Range" of intellectual functioning, the court appointed petitioner a guardian ad litem to assist her in decision making.

In September of 2021, the circuit court held a contested dispositional hearing. Petitioner was not present, but counsel and her guardian represented her. The court first addressed a letter that it received from petitioner sometime before July 26, 2021, wherein she requested new counsel because she did not believe her present counsel was acting in her best interests and she had been unable to maintain consistent contact with her attorney. Petitioner's counsel stated that she had not had contact with petitioner since June 30, 2021, and the phone number petitioner left for her had been disconnected. The circuit court noted that petitioner called but failed to leave a message for the court the morning of the hearing. During the hearing, the court and petitioner's counsel called two different phone numbers attempting to reach petitioner, but she did not answer. Petitioner's guardian also noted that he had been unable to reach petitioner and opined that it was not in petitioner's best interest to have new counsel appointed because current counsel had adequately represented her. Ultimately, the court denied petitioner's self-represented motion for new counsel, reasoning that petitioner's counsel attempted to reach petitioner and that petitioner had a duty to remain in contact with her counsel.

The circuit court then heard evidence that petitioner was compliant with services until June 30, 2021, at which point she stopped participating in services or responding to attempted contact from the DHHR and providers. Petitioner also ceased participating in visitation with the child and did not inquire as to the child's wellbeing after June 30, 2021. A DHHR worker testified that petitioner's aunt lost contact with petitioner and sought police intervention to help find her.[2] It was reported that petitioner was in the community and "hanging out with a new male." The court also heard testimony from petitioner's parental fitness evaluator, who opined that, due to petitioner's intellectual disability, she did not have the parental capacity to care, protect, and change in order to provide adequately for the child. Ultimately, the circuit court found that petitioner failed to complete her post-adjudicatory improvement period, failed to remedy the conditions of abuse and neglect, and that there was no reasonable likelihood that she would remedy those conditions in the near future. The court concluded that it was not in the child's best interests to be reunified with petitioner and that termination of her parental and custodial rights was necessary for the child's welfare. The circuit court terminated petitioner's parental and custodial rights by its September 21, 2021, order. Petitioner now appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[2]Petitioner's maternal aunt was also the child's kinship placement and supported petitioner throughout the proceedings.

[3]The father's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption in his current placement.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. Petitioner also argues that the DHHR did not present any evidence to support the circuit court's finding that it was necessary for the child's welfare to terminate petitioner's parental rights. We disagree.

West Virginia Code § 49-4-604(c)(6) permits the termination of parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected in the near future" and that termination of parental rights is necessary for the child's welfare. Further, West Virginia Code § 49-4-604(d)(3) provides that the circuit court may find that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent fails to "respond[] to or follow[] through with a reasonable family case plan or other rehabilitative efforts." Here, despite petitioner's period of compliance, she absented herself from the proceedings and services without any explanation and clearly failed to follow through with a reasonable family case plan. The conditions of abuse and neglect that gave rise to the filing of the petition persisted, and the child would have been subject to those conditions if returned to petitioner's care. Furthermore, evidence was introduced that B.T. recognized petitioner as his mother and was hurt by her sudden and unexplained lack of visitation with him.[4] Upon our review, the evidence adduced below supports the finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the child. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . .

---

[4]"We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted).

3

that the conditions of neglect or abuse can be substantially corrected"). Petitioner is entitled to no relief on appeal.

Finally, petitioner also argues that the circuit court erred in denying petitioner's self-represented motion for appointment of new counsel, citing to her right to "a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses" as found in West Virginia Code § 49-4-601(h). However, there is no evidence that petitioner was denied this right. Although she asserted that she could not contact her attorney, the record provides that petitioner's counsel, her guardian, the DHHR, and the court itself attempted to contact petitioner to no avail. Moreover, petitioner's counsel continued to represent her and cross-examine witnesses on her behalf. Therefore, we find no error in the circuit court's denial of petitioner's motion for new counsel.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 21, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn